ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 1 3 2013
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   Case No.: 4:13-CR-142-Y |
| | § |
| JAMIER MARQUIS ROBINS (01) | § |

## FACTUAL RESUME

**INDICTMENT:**

Count One - Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

**PLEA:**

Count One - Possession with Intent to Distribute Methamphetamine

**PENALTY:**

Imprisonment for a period of no more than twenty (20) years; $1,000,000 fine, or twice the pecuniary gain to the defendant or loss to the victim, or both such fine and imprisonment; plus a term of Supervised Release of no less than three (3) years; plus a Mandatory Special Assessment of $100.00. If the defendant violates any condition of the term of Supervised Release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of confinement. The effect of a revocation of a term of Supervised Release is to make the overall period of incarceration longer.

Restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; costs of incarceration and supervision.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty.

Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is his automatic removal from the United States.

## ELEMENTS OF THE OFFENSE:

In order to establish the guilt of a defendant for the offense of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), as alleged in Count One of the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

First:   That the defendant knowingly possessed a controlled substance;

Second   That the substance was in fact a mixture or substance containing methamphetamine; and

Third:   That the defendant possessed the substance with the intent to distribute it.

## STIPULATED FACTS:

Or about April 2, 2013, in the Northern District of Texas, the defendant Jamier Marquis Robins did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

On or about April 2, 2013, Robins was stopped on Oakland Boulevard in Fort Worth after a Fort Worth police officer observed the Land Rover he was driving had a defective tail light. Robins was initially arrested for operating a motor vehicle without a driver's license.

Robins was the sole occupant; a search of the vehicle revealed approximately 4 ounces of a mixture and substance containing methamphetamine.

Robins admits that he possessed the methamphetamine with the intent to distribute it. He further agrees that methamphetamine is a Schedule II controlled substance.

AGREED AND STIPULATED on this _10th_ day of _September_, 2013.

_____  
Jamier Marquis Robins  
Defendant

_____  
William Nermesmeyer  
Attorney for Defendant